Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003478
17-AUG-2015
08:09 AM

NO. CAAP-13-0003478

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVID LEE GLADMAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-13-01011)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant David Lee Gladman (Gladman) appeals from the August 22, 2013 Notice of Entry of Judgment and/or Order and Plea/Judgment entered in the District Court of the First Circuit, Wahiawā Division (District Court),[1] convicting him of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[2]

On appeal, Gladman contends the District Court erred by: (1) denying two motions to suppress evidence regarding his

---

[1] The Honorable Lono Lee presided.

[2] HRS § 291E-61(a)(3) states:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

breath test because (a) he was not provided with a <u>Miranda</u>[3] warning when asked if he would submit to testing, (b) he was denied the right to counsel in violation of HRS § 803-9 (2014) when he was advised that he had no right to an attorney, (c) a biological breath sample was taken without his consent or an exception to the warrant requirement, in violation of <u>Missouri v. McNeely</u>, 133 S. Ct. 1552 (2013); and (2) the District Court improperly took judicial notice of the Intoxilyzer supervisor's sworn statements.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties as well as the relevant statutory and case law, we resolve Gladman's points of error as follows and affirm.

(1) The District Court did not err in denying Gladman's motions to suppress.

(a) A <u>Miranda</u> warning to Gladman was not required before determining whether he would submit to a breath, blood, or urine test. <u>State v. Won</u>, 134 Hawai'i 59, 72, 332 P.3d 661, 674 (App. 2014), <em>cert. granted</em>, No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014).

(b) Gladman was not improperly advised that he was not entitled to an attorney in violation of HRS § 803-9. <u>Id.</u> at 74, 332 P.3d at 676.

(c) Gladman's argument that he did not knowingly and voluntarily consent to a breath test is without merit. Gladman contends that he was coerced into consenting to a breath test when he was informed via a preprinted form of the consequences of refusing to consent to a breath, blood, or urine test prior to consenting to a breath test. Gladman correctly notes that such a warning is not required by HRS § 291E-11 (2007), but it is required pursuant to HRS § 291E-15 (Supp. 2014) after a defendant refuses to consent. The language that Gladman challenges follows the statement advising <em>inter alia</em> that testing may be refused and provides: "However, if you refuse to submit

---

[3] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable." Gladman argues that the warning does not inform a defendant that the stated criminal penalties only apply if a defendant is convicted of refusing to consent to a breath, blood, or urine test and that "[a] lay person may interpret this language to mean that they may have to sit in jail until 30 days have elapsed and/or they have to pay a fine up to $1000 prior to being released." No statute prohibits the police from informing a defendant of the statutory consequences of refusing to consent to a breath, blood, or urine test prior to a defendant's refusal to consent to such a test. The warning is not coercive because it informs a defendant that he or she is "subject to up to" 30 days imprisonment and/or a $1,000 fine. In addition, such penalties can only be imposed "if applicable." The warning does not suggest that imprisonment and/or a fine is automatic upon refusal to consent.

Further, Gladman's reliance upon McNeely is misplaced because "McNeely only addressed the exigent-circumstances exception to the warrant requirement for nonconsensual blood draws; it did not address breath tests or other exceptions to the warrant requirement." Won, 134 Hawaiʻi at 78, 332 P.3d at 680. McNeely also did not address the validity of implied consent statutes. Id. at 80, 332 P.3d at 682. Since Gladman consented to a breath test, no warrant or exception to the warrant requirement was needed.

(2) Gladman's final point of error is that the District Court erred in taking judicial notice of two Intoxilyzer supervisor's sworn statements regarding accuracy tests of the intoxilyzer utilized in administering Gladman's breath test. Under the circumstances of this case, even if the District Court erred in taking judicial notice of the Intoxilyzer supervisor's sworn statements under Rule 201 of the Hawaii Rules of Evidence, such error was harmless. See Rule 52 of the Hawaiʻi Rules of Penal Procedure ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). The record establishes that the deputy prosecuting attorney

showed the two sworn statements to Gladman's counsel during trial and, although Gladman's counsel objected to the District Court taking judicial notice of the sworn statements, Gladman's counsel acknowledged that the sworn statements could be admitted into evidence and did not challenge any other aspect of the sworn statements or the accuracy of the breath test.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on August 22, 2013 in the District Court of the First Circuit, Wahiawā Division, is affirmed.

DATED:  Honolulu, Hawai'i, August 17, 2015.

On the briefs:

Jonathan E. Burge,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4